**In re Shirley Ann SMITH, Debtor.**

**Bankruptcy No. 79–00208.***

United States Bankruptcy Court, District of Columbia.

Sept. 30, 1982.

* In re Mary A. Davis, 79–00209; In re Donald Robert Gossage, 79–00211; In re Daisy M. Mewborn, 79–00226; In re Vivian M. & James A. Hauser Jr., 79–00231; In re Cecelia A. Leach, 79–00237; In re William A. Garvin, 79–00286; In re Pauline A. Boykins, 79–00297; In re Joseph L. & Ruth A. Selby, 79–00301; In re Mary E. Nobles, 79–00302; In re Janice L. Browner, 79–00321; In re Ellis R. Crawford, 79–00322; In re Annie M. Martin, 80–0004; In re Rudolph Preston, 79–00203; In re Abigail Lee, 79–00212; In re Cedric J. Pinson, 79–00213; In re Michael & Karen Carter, 79–00219; In re Brenda Lee Proctor, 79–00220; In re Willie J. Armetia Mobley, 79–00225; In re Willie & Bessie L. Johnson, 79–00234; In re Kevin G. Madden, 79–00235; In re Brenda K. Carter, 79–00236; In re Lewis Edward & Annie Mae Stokes, 79–00244; In re Beatrice Rozier, 79–00245; In re Annette Veney, 79–00246; In re Cora Lee Staples, 79–00249; In re Farrel Glenn Leger, 79–00250; In re Jerome Allen Glasper, 79–00251; In re Thelma Edmundson, 79–00258; In re Bryan J. Douglas, 79–00259; In re Carolyn Hunter, 79–00260; In re Margaret E. Stringer, 79–00272; In re Barbara A. Wesley, 79–00294; In re Mary J. Belton, 79–00295; In re Bettye F. Zellars, 79–00296; In re Jacqueline M. Hite, 79–00300; In re Frances E. White, 79–00320; In re Carlton M. Young, 79–00323.

Ira Wolpert, Washington, D.C., for respondent John Devers.

## MEMORANDUM OPINION

ROGER M. WHELAN, Bankruptcy Judge.

This memorandum opinion is a result of the remand from the United States District Court for the District of Columbia on January 13, 1981 of thirty-eight bankruptcy cases which were appealed to that Court when this Court on June 16, 1980 expunged the attorney fees because of the unethical behavior of counsel. 5 BR 92. The United States District Court order was appealed to the United States Court of Appeals but was dismissed on September 18, 1981, as premature.

The remand order of Judge Aubrey Robinson directed that this Court:

"Examine the value of the services performed by Appellant Devers in each of the thirty-eight cases. If unethical conduct on the part of the appellant diminished the value of his services to the client, the Judge should specifically explain the basis for that conclusion." *In re John Devers,* 12 B.R. 140 at p. 142 (1981).

This Court will therefore review each of the thirty-eight cases individually.

In the review of fees in a case, the Court is bound to apply the proper legal standard and to follow certain procedures in the awarding of fees. *In re Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). In determining what is a reasonable fee, many factors must be considered. In *Johnson v. Georgia Highway Express Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), twelve factors are set forth for the judge to consider when awarding fees. Those factors to be weighed are:

"(1) The time and labor required; . . .
(2) The novelty and difficulty of the questions; . . .
(3) The skill requisite to perform the legal service properly; . . .
(4) The preclusion of other employment by the attorney due to acceptance of the case; . . .
(5) The customary fee; . . .
(6) Whether the fee is fixed or contingent; . . .
(7) Time limitations imposed by the client or other circumstances; . . .
(8) The amount involved and the results obtained; . . .
(9) The experience, reputation and ability of the attorneys; . . .

(10) The "undesirability" of the case; . . .

(11) The nature and length of the professional relationship with the client; . . .

(12) Awards in similar cases."

*Johnson v. Georgia Highway Express, Inc., supra,* 488 F.2d at 717–19.

■■■ In accordance with the requirements of the Johnson factors, this Court will briefly summarize its analysis of the twelve factors in relation to each of the thirty-eight cases.

## SHIRLEY ANN SMITH

Case No. 79–00208

Petition Filed: Oct. 19, 1979

This case is a simple Chapter 7 case. The time and labor required in this case is the normal amount for any simple Chapter 7. The issues involved in this case are not complex and the skills requisite to perform the legal services properly in this case were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee for a similar case in the year 1979–1980 was approximately $200–$450. Further, there do not appear to have been any serious time limitations imposed on the attorney in this case. The amount owed in this case was less than $6,000 and it was a no-asset case. The debtor did obtain her discharge on February 14, 1980.

The attorney at the time of the filing of the case had little experience in bankruptcy and his reputation had not been established. Further, his ability was below the standards that this Court requires for attorneys. For instance, no attorney disclosure statement was filed in this case. Under Bankruptcy Rule 219(b):

"Every attorney for a bankrupt, whether or not he applies for compensation, *shall* file with the court on or before the first date set for the first meeting of creditors, or at such time as the court may direct, a statement setting forth the compensation paid or promised him for the services rendered or to be rendered in connection with the case, the source of compensation so paid or promised, and whether the attorney has shared or agreed to share such compensation with any other person. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of his compensation with a member or regular associate of his law firm shall not be required." [emphasis added]

If the disclosure statement is not timely filed, the attorney may not be compensated.

Second, on Schedule A–3, the attorney is listed as an unsecured creditor for the amount of $450. In Question 15(b), (c) of the petition, it states that nothing had been transferred to the attorney. However, it then states in the next answer that on October 26, 1979, $30.00 was transferred. In addition, it provides that the fee is to be paid by the debtor starting on November 23, 1979 by paying to the attorney $50.00 every other Friday until the fee is paid. Further, in the debtor's response to the Questionnaire Propounded pursuant to 11 U.S.C. § 329 the attorney in response to Question No. 7 states that he was promised a $450.00 fee plus the $60.00 filing fee and that he received a $60.00 retainer on October 12, 1979, and also received $30 on October 26, 1979 and November 9, 1979, and that $50.00 was to be received every Friday starting November 23, 1979. In addition the attorney did not file an attorney disclosure statement in this case and therefore no fees should be allowed.

Further, the debtor's attorney never attempted to avoid the lien on the furniture of the debtor pursuant to 11 U.S.C. § 522(f) or to exercise the debtor's redemption rights under 11 U.S.C. § 722. In addition, this attorney was legal counsel for a profit-making corporation involved in debt planning and debt consolidation and received $300.00 a week from them. Further, this case was referred to him by that company. While the District Court on appeal ruled that this unethical conduct in and of itself is not grounds for disgorging the whole fee, it is a factor to be weighed in deciding the appropriate fee.

This simple Chapter 7 case was not a particularly undesirable case. In addition, the nature and length of the professional relationship with the client was of a short duration, and so it was not an undue burden on the attorney's time. During the 1979–1980 period the normal fee in a simple Chapter 7 bankruptcy case which was competently handled was in the $200–$450 range. Further, the attorney never submitted a detailed record of the time expended in this case. However, in response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 and Bankruptcy Rule 220, it gives a brief description of the general nature of the work done in all the cases, but it does not specifically state what was done in this case. Based on this, there appears to have been no work done that was out of the ordinary.

After a review of all the evidence in this case and after weighing all the factors set forth in the *Johnson* case, this Court finds that the appropriate fee to be awarded in this case would be $75.00. However, since no attorney disclosure statement was filed in this case, no fee will be awarded.

MARY A. DAVIS a/k/a Mary D. Mosley a/k/a Mary D. Smith

Case No. 79–00209

Petition filed: Oct. 19, 1979

This Chapter 7 did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in this case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–1980 for a similar case was in the range of $200–$450. There do not appear to have been any serious time limitations imposed on the attorney in this case because of the acceptance of this case. The amount of unsecured debt was below $10,000, and the secured debt was around $80,000, which included the total mortgage due on the debtor's home. However, this case was a no-asset case. The debtor did receive

her discharge on February 14, 1980. The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. For instance, the attorney did not attempt to use 11 U.S.C. § 522(f) to avoid the liens of some of the creditors nor did the attorney attempt to utilize the redemption powers given to the debtor by 11 U.S.C. § 722. This case was not an "undesirable" case and the length of the professional relationship with the client was approximately four months. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of all the factors set forth in the *Johnson* case, and after careful weighing of each of the factors based on the evidence of record in this case, this Court finds the appropriate fee to be awarded in this case is $100.00.

DONALD R. GOSSAGE

Case No. 79–00211

Petition filed: Oct. 24, 1979

This Chapter 7 was filed in the United States Bankruptcy Court for the District of Columbia on October 24, 1979. However, the debtor's address at that time was listed as a Virginia address and the debtor had not resided in the District the past 91 out of the previous 180 days. Therefore, the case should never have been filed in the District of Columbia. In addition, under Schedule B-4 under property claimed as exempt, it lists Virginia state taxes withheld during 1979 which also indicates that the debtor had lived in Virginia during 1979. On December 21, 1979, the debtor filed a motion to dismiss for improper venue which was granted on January 24, 1980. There were several serious errors made in this case. First, the case should have been filed in Virginia and never should have been filed in the District of Columbia court. While this Court realizes that the attorney, Mr. Devers, at the time was not licensed to practice law in Virginia, this is no excuse for filing the petition in the wrong jurisdiction.

Second, the debtor used the automatic stay provision of 11 U.S.C. § 362 for two months before informing this Court of the improper venue. Then, instead of proceeding by filing a motion to transfer for improper venue, the debtor's attorney filed a motion to dismiss which was granted in January, 1980. The attorney then refiled the case on January 28, 1980 in the Eastern District of Virginia. By filing a motion to dismiss instead of a motion to transfer, the debtor had to pay the $60.00 filing fee twice instead of once. The proper procedure would have been to file a motion to transfer.

Since little was done in this Court, and the attorney received a fee in the Virginia case and since this case was improperly filed in this court to begin with which caused the debtor to have to pay two filing fees instead of one, the Court finds the proper fee to be paid in this case to be $25.00.

DAISY M. MEWBORN

Case No. 79–00226

Petition filed: Oct. 30, 1979

This Chapter 7 case is an ordinary no-asset Chapter 7 case involving no complex or novel issues. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee for a similar case in the year 1979–80 was approximately $200–$450. Further, there do not appear to have been any serious time limitations imposed on the attorney in this case. Further, an attorney for the George Washington Law School Bankruptcy Clinic entered his appearance prior to the granting of the discharge in bankruptcy so attorney Devers only filed the initial petition for the debtor and did not represent him throughout the course of the proceedings.

The reputation of the attorney at the time of the filing of the petition had not been established and his legal ability in this case was below the standards expected by this Court. For instance, the attorney never filed an attorney disclosure statement in violation of Bankruptcy Rule 219(b). In addition, he was inconsistent in listing the amount of debt on the schedules. For example, in Schedule A–2 he lists the fair market value of the 1978 Datsun 210 as $4,000. Then on Schedule B–2 he lists the fair market value of the car as $4,250.

Another factor to be considered is the fact that the attorney was legal counsel for a profit-making corporation involved in debt planning and debt consolidation and received $300.00 a week from them. This case was referred to him by the company he was being paid by. In addition, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it gives a brief general description of the work done in all the cases but does not specifically list what was done in this case. Based on this, there appears to have been no work done that was out of the ordinary.

This Chapter 7 was not a particularly undesirable case, and the nature and length of the professional relationship with the client was of a very short duration as another attorney took over the case prior to the discharge of the debtor.

After a review of all the evidence of record in this case and after applying the factors set forth in the *Johnson* case, this Court finds the appropriate fee to be awarded is $50.00. However, since no attorney disclosure statement was filed in this case in violation of Bankruptcy Rule 219, no fee will be awarded.

VIVIAN M. and JAMES A. HAUSER, JR.

Case No. 79–00231

The show cause was dismissed against the attorney on January 15, 1980, and the case was transferred to the United States Bankruptcy Court for the District of Maryland on January 16, 1980.

CECELIA A. LEACH

Case No. 79–00237

The show cause was dismissed against the attorney and the case was transferred to the United States Bankruptcy Court for the District of Maryland on January 16, 1980.

# 271

## WILLIAM A. GARVIN

Case No. 79–00286

Petition filed: Dec. 3, 1979

This was a simple Chapter 7 case which also involved one adversary proceeding in which a creditor attempted to reclaim a car. The adversary proceeding was subsequently settled. There were no novel or complex issues involved in either the bankruptcy case or the adversary proceeding and the skills required to handle the case competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case, and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney in this case because of the acceptance of this case. This was a no-asset Chapter 7 case and there were approximately $3,000 in unsecured debt and $2,100 in secured debt. The debtor did receive his discharge on March 24, 1980. The reputation of the attorney at the time of the filing of the case had not been established, and he had very little bankruptcy experience.

The Schedule A–2 was amended on January 11, 1980 to reflect the proper fair market value of the car and the Schedule B–4 was also amended on the above date to change the value amount of some of the exemptions. Schedule A–3 lists John Devers as due $410 as an unsecured creditor for legal services rendered. The response to Question 15(b) and (c) of the Petition, the Statement of Attorney, and the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 indicate that $450 plus the $60 filing fee was promised to be paid and that a $40 retainer was received and that the debtor was to pay $40 every week to his attorney. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, it gives a brief description of the general nature of the work done in all the cases presently on remand, but it does not specifically set forth what was done in this case. Based on this, there appears to have been nothing out of the ordinary done in this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record and after applying the factors set forth in the *Johnson* case, this Court finds the appropriate fee to be awarded in this case is $100.

## PAULINE A. BOYKINS

Case No. 79–00297

Petition filed: Dec. 11, 1979

This Chapter 7 case was not a complex case and did not involve any novel or complicated issues. The skills required to handle the case competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of this case. The amount of unsecured debt was approximately $6,600, and the amount of secured debt was around $4,500. This was also a no-asset case. The debtor received her discharge on March 24, 1980.

The reputation of the attorney at the time of the filing of the case had not been established and he had little bankruptcy experience. For instance, the attorney did not attempt to use the provisions of 11 U.S.C. § 522(f) to avoid the liens on the furniture nor did the attorney attempt to utilize the redemption powers given to the debtor under 11 U.S.C. § 722. While the attorney did not list the fair market value of the furniture on Schedule A, the property is scheduled at a value of $610 in the Schedule B–2(c) and $1,160 in the Amended B–2(c), which is a value below the value of

the liens. On December 20, 1979, Schedule A–3, B–2, and B–4 were amended.

According to Question 15(b) and (c) of the Petition and the attorney disclosure statement, $450 was the promised fee and $450 was received from the debtor pre-petition. However, the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 indicates that the attorney received $25.00 post-petition which he charged the debtor for amending the schedules. Further, the attorney never submitted a detailed record of the time expended on this case. However, in response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, the attorney gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand. There is, however, no way of determining what has been done in this specific case.

This case was not a particularly undesirable case. Further, the attorney withdrew his appearance from this case prior to the discharge of the debtor and he represented the debtor for only a short period of time. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of all the factors set forth in the *Johnson* case, and after carefully weighing each of the factors based on the evidence of record in this case, this Court finds the appropriate fee to be awarded is $50.00.

JOSEPH and RUTH A. SELBY

Case No. 79–00301

Petition Filed: Dec. 13, 1979

This joint Chapter 7 case was not a complex case nor did it involve any novel or complicated issues. The skills required to handle the case competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious limitations imposed on the attorney because of

this case. The amount of unsecured debt was approximately $7,400 and the secured debt which consisted predominantly of liens on furniture totaled approximately $4,500. Further, it was a no-asset case. A discharge was granted on March 24, 1980, but the attorney had withdrawn his appearance prior to the discharge.

The reputation of the attorney at the time of the filing of the case had not been established, and he had little bankruptcy experience. For instance, the attorney never attempted to avoid the liens on the furniture under 11 U.S.C. § 522 nor did he attempt to use the redemption provisions of 11 U.S.C. § 722. In addition, Schedule B–4 was amended twice.

This case was not a particularly undesirable case and further the length of the professional relationship with the client was relatively short as the attorney terminated his relationship with the debtor prior to the debtor's discharge. In addition, the attorney received his referral for this case from a profit-making corporation who also employed him. Further, the attorney never submitted a detailed record of the time expended in this case. However, in response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand. There is, however, no way of determining what has been done in this specific case.

After a review of all the evidence in this case and after carefully weighing each of the factors set forth in the *Johnson* case, this Court finds the appropriate fee to be awarded is $75.00.

MARY E. NOBLES

Case No. 79–00302

Petition filed: Dec. 13, 1979

This case is a simple Chapter 7 case. The time and labor required in this case is the normal amount for any simple Chapter 7. The issues involved in the case were not novel or complex and the skills requisite to perform the legal services properly in this

case were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case, and the customary fee for a similar case in the year 1979–80 was approximately $200–$450. Further, there do not appear to have been any serious time limitations imposed on the attorney in the case. The amount of debt the debtors owed in this case was approximately $1,400 in secured debts and $12,500 in unsecured. This was also a no-asset case. The debtor obtained her discharge on March 24, 1980, but prior to the discharge, Mr. Devers withdrew as counsel.

The attorney at the time of the filing of the case had little experience in bankruptcy and his reputation had not been established. Further, according to the response to Question 15(b) and (c) of the Chapter 7 petition, $450 was promised as compensation and $265 had been paid pre-petition. Then, on the attorney disclosure statement it states that $190 had been received and $450 was promised. According to the answer to Question No. 7 of the Questionnaire Propounded According to 11 U.S.C. § 329, the response of Mr. Devers indicates that $450 plus the $60 filing fee was to be paid and that $75 was to be paid weekly starting November 14, 1979. This attorney never submitted a detailed record of the time expended in this case. However, in response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand. There is, however, no way of determining what has been done in this specific case. However, there appears that nothing out of the ordinary was done.

This case was not a particularly undesirable case. Further, the attorney withdrew his appearance from this case prior to the discharge of the debtor and he only represented the debtor for a short period of time. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record on this case and after applying the factors set forth in the *Johnson* case, this Court finds the appropriate fee to be awarded is $50.00.

JANICE L. BROWNER

Case No. 79–00321

Petition filed: Dec. 20, 1979

This case was an ordinary no-asset Chapter 7 case which did not involve any new or novel complex issues. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee for a similar case in the year 1979–80 was approximately $200–$450. Further, there do not appear to have been any serious time limitations imposed on the attorney in this case. The reputation of the attorney at the time of the filing of the petition had not been established.

According to the Statement of Attorney, $450 was promised for compensation and $20 had been transferred. However, in response to Question 15(b) of the Petition, it states that $90 was transferred and $450 was promised. Further, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, the attorney sets forth that payment of $450 plus the $60 filing fee was promised, that $20 had been transferred to the attorney and that $70 was to be paid every other Tuesday. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, it gives a brief description of the general nature of the work done in all the cases presently on remand. However, it does not specifically list what was done in this case. Based on this, there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of all the evidence of record and after applying the factors set forth in the *Johnson* case, this Court finds the appropriate fee to be awarded in this case is $100.

ELLIS CRAWFORD

Case No. 79–00322

Petition filed: Dec. 20, 1979

This case is a simple no-asset Chapter 7 case involving no complex or novel issues. The attorney was not precluded from other employment due to the acceptance of this case, and the customary fee for a similar case in the years 1979–1980 was approximately $200–$450. Further, there do not appear to have been any serious time limitations imposed on the attorney in this case. The reputation of the attorney at the time of the filing of the petition had not been established.

According to the statement of attorney filed on December 20, 1979, $450 was promised and $20 was transferred to the attorney. The response to Question 15(b) and (c) of the petition further reflects this amount. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney sets forth that $450 plus the $60 filing fee was promised in payment and that $20 had been paid as a retainer and that $75 per week was to be paid to the attorney by the debtor starting November 14, 1979. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, it gives a brief description of the general nature of the work done in all the cases presently on remand. However, it does not specifically list what was done in this case. Based on this, there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of all the evidence of record in this case and after applying the factors set forth in the *Johnson* case to this case, this Court finds the appropriate fee to be awarded in this case is $100.00.

ANNIE M. MARTIN

Case No. 80–00004

Petition filed: Jan. 7, 1980

This Chapter 7 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case. A discharge was obtained on July 29, 1980.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. According to the statement of attorney filed on January 7, 1980, $450 had been promised as a fee and $20 had been transferred. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, the attorney indicates that $500 was promised and that the attorney had been paid a $20 retainer with the balance of the fee to be paid at $50 every other week starting December 13, 1979 until the credit union allotment was stopped. Then the amount would be increased to $120 every other week. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand but it does not detail specifically what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $75.00.

CHAPTER 13

RUDOLPH PRESTON

Case No. 79–00203

Petition filed: Oct. 15, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case. Confirmation of the Chapter 13 plan was obtained on January 30, 1980.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. Further, there were some mathematical errors in this case. For instance, in the Chapter 13 statement at Question 2(f)(1), (2) and (4), the debtor's weekly gross salary is listed as $270 and his net salary as $192 per week. However, in Question 4 which lists the budget of the debtor it lists the monthly take home pay of the debtor as $820. However, this amount is incorrect as it should be listed as $832. [$192 × 52 weeks = $9,984; $9,984 ÷ 12 months = $832.] In addition an amended plan was filed on December 13, 1979 and on April 22, 1980, over six months after the initial filing of the petition, an additional amendment was made to the proposed plan to add an additional creditor.

According to the statement of attorney filed on October 15, 1979, $1.00 had been paid to the attorney and $350 had been promised as a fee. In addition, the response to Question 5 of the Petition also lists this fee. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney indicates that $350 plus $60 for the filing fee was promised and that the attorney was to be paid $70 each week. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it gives a brief description of the general nature of the work done in all the cases. However, it does not specify what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $75.00.

ABIGAIL LEE a/k/a Abigail Jones

Case No. 79–00212

Petition filed: Oct. 24, 1979

This was a simple Chapter 13 involving very little money and few creditors. It did not involve any novel or complex issues and the skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case

and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. Further, at the Confirmation hearing on November 28, 1979 on the proposed plan, confirmation was denied. The debtor was ordered to submit an amended plan by December 14, 1979 or her case would be dismissed. The amended plan was timely filed and the amended plan was confirmed on January 24, 1980.

There were also mathematical errors in the petition. For instance in response to Question 2(f)(2), (3) and (4) the gross wages per pay period were listed as being $285.60 with deductions of $50.31 which would leave a net of $235.29. However, the petition lists $223.22 as the net take-home. Consequently, the figures under Question 4(a)(1) were also incorrect in that the monthly income is listed as $446 but it should be $470.58.

Further, Question 2(f)(6) which requests the amount of the debtor's gross income for the last calendar year was left blank. This is one of the most important questions on the petition as it is an important factor to know so one may determine the feasibility of the proposed plan. See 11 U.S.C. § 1325(a)(6).

According to the statement of attorney, $350 had been promised as a fee and $30 had been paid. However, Question 5(a) and (b) of the petition which was filed on the same day states that $350 was promised and "none" was paid. Further, in Question 11(a) of the petition the attorney is listed as an unsecured creditor in the amount of $320. According to the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it states that $350 plus $60 for the filing fee was promised with $30 to be paid every two weeks until confirmation and thereafter as the court dictates. However, any money re-

ceived post-petition is in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it gives a brief description of the general nature of the work done in all the cases. However, it does not specifically list what was done in this case. Based on this, there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was not of a long duration. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after a careful weighing of each of the *Johnson* factors as applied in this case, this Court finds the appropriate fee to be awarded is $75.00.

CEDRIC J. PINSON

Case No. 79–00213

Petition filed: Oct. 24, 1979

This case was originally filed as a Chapter 13 on October 24, 1979. On December 13, 1979, after continuing the confirmation hearing on November 28, 1979, the debtor filed a motion to convert the case to Chapter 7 citing the reason that it became apparent to him after having the First Meeting of Creditors that there would not be sufficient funds to satisfy the secured creditors. This case was then converted to a Chapter 7 on January 22, 1980. Neither the Chapter 13 nor the Chapter 7 aspects of the case presented any novel or complex issues. The skills required to handle the case competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed

on the attorney because of the acceptance of this case. A discharge was granted in this case on April 22, 1980.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. Further, according to the Statement of Attorney filed with the Chapter 13 petition, it states that $350 had been promised in payment for Mr. Devers' services and that $56 had been transferred. However, in the Chapter 7 Statement of Financial Affairs filed on February 1, 1980 at Question 15(b) and (c), it states that the debtor had paid the attorney $500. In the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney states that he received $450 plus the $60 filing fee for this case. Further, the terms of payment were that the debtor is to pay $115 on the 13th and 27th of each month to Mr. Devers plus $50 for any reclamation proceeding. However, there appears to have been money received by the attorney post-petition which is in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed time record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it gives a brief description of the general nature of the work done in all the cases on remand but does not list what was specifically done in this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was not of a long duration. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

The attorney was also sloppy in filling out the schedules. In the Schedule of Personal Property filed in the Chapter 7 case when required to list the "market value of the debtor's interest without deduction for secured claims listed on Schedule A–2 or exemptions claimed in B–4" the attorney listed the aggregate amount for all the furniture as $336. He is required under this section to list each item separately with the value for each.

After a review of the evidence of record in this case and after a careful weighing of each of the *Johnson* factors as applied in this case, this court finds the appropriate fee to be awarded in this case is $75.00.

## MICHAEL C. and KAREN K. CARTER

Case No. 79–00219

Petition Filed: Oct. 26, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a like case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. Further, in the answer to Question (f)(2) and (3) of the Schedules, there were mathematical errors. It lists $367.59 as gross weekly wages and payroll deductions of $132.71. This leaves a net income of $234.88. The take-home pay was listed as $250. Because of the mathematical error Question 4(a)(1) is then incorrect also. It is listed as $1,000, but it should only be $939.52. Further, the monthly expenses total $1,020.50 so the monthly expenses exceed the take-home of the debtor. At the confirmation hearing on November 28, 1979, the plan could not be confirmed because of the problems surrounding the secured creditors. The debtor was directed to file a modified plan within ten days or the case would be dismissed. On December 13, 1979, an amended plan was filed. In the amended plan the present market value of the assets was changed so the assets would be exempt totally under 11 U.S.C. § 522.

At the confirmation hearing on January 24, 1980 the plan again could not be confirmed because the plan could not be completed within three years and no motion to extend the plan had been filed. In addition, further amendments to the plan had to be made. On February 1, 1980, a second amended plan was filed. At the confirmation hearing on the second amended plan on March 5, 1980, the plan again could not be confirmed as the debtor plan was not feasible as the debtor could not pay the $250 a month proposed payment, and the income listed in the schedules was not regular. The debtor was directed to file an amended plan within 10 days. It was not filed so the case was dismissed on March 25, 1980.

According to the statement of attorney filed on October 26, 1979, $350 was promised for the fee and $154 had been paid. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney indicates that $350 plus the $70 for the filing fee was promised and that the attorney was to be paid $72 each week with $154 already paid as a retainer. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand but it does not detail specifically what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $50.

BRENDA LEE PROCTOR

Case No. 79–00220

Petition Filed: Oct. 26, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case. Confirmation of the Chapter 13 plan was obtained on November 28, 1979.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. Further, according to the statement of attorney filed on October 26, 1979, $350 was promised and $90 had been paid. However in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney indicates that $350 plus the $60 for the filing fee was promised and that the attorney was to be paid $75 every other week plus that he had already been paid a $75 retainer. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand but it does not detail specifically what was done in this particular case. Based on this there appears to have

been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $75.

WILLIE J. and ARMETIA MOBLEY

Case No. 79–00225

Petition Filed: Oct. 29, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. Further, there were mathematical errors in this case. For instance under Question 2(f)(2) and (3) it lists the husband's gross pay as $484. There are $140.57 in deductions. His net take-home should then be $343.43 but it is listed as $340. In addition, the wife's gross wages are listed as $567.20 with $234.78 in payroll deductions. This leaves a net pay of $332.42. However, the net pay is listed as $343. This also makes the budget at Question 4 inaccurate. Other errors in the petition are those in Question 11—the arrearages in the mortgage payment are not stated. In addition the plan could not be confirmed at the hearing on December 4, 1979, and an amended plan had to be submitted. This plan was confirmed on January 24, 1980.

According to the statement of attorney filed on October 29, 1979, $350 was promised and $20 was paid. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney indicates that $350 plus the $60 for the filing fee was promised and that the attorney had received a $20 retainer and was to be paid $125 every other week starting November 1, 1979. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand but it does not detail specifically what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $75.

WILLIE and BESSIE L. JOHNSON

Case No. 79–00234

Petition Filed: Nov. 6, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to

the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case.

The reputation of the attorney at the time of the filing of the case had not been established, and he had very little bankruptcy experience. Further, an amended Chapter 13 plan had to be filed. The amended plan was confirmed.

According to the statement of attorney filed on November 6, 1979, $350 had been promised and $20 had been transferred. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney indicates that $350 plus $60 for the filing fee was promised and that $190 for a retainer had been received. The attorney was to be paid $199 every other week starting November 13, 1979. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand but it does not detail specifically what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $75.

KEVIN G. MADDEN

Case No. 79–00235

This case was transferred to the United States Bankruptcy Court for the District of Maryland on January 16, 1980, and the show cause order was also dismissed.

BRENDA K. CARTER

Case No. 79–00236

This case was transferred to the United States Bankruptcy Court for the District of Maryland on January 16, 1980, and the show cause order was also dismissed.

LEWIS E. and ANNIE M. STOKES

Case No. 79–00244

Petition Filed: Oct. 24, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. Further, this Chapter 13 was originally filed in the United States Bankruptcy Court for the Eastern District of Virginia but was transferred to the Bankruptcy Court upon the motion of the debtors. The reason set forth in that motion for transfer of the case is that "the principal counsel petitioners engaged to advise them in straightening out their financial affairs maintains his office in the District of Columbia." The case was then transferred to the District of Columbia on November 8, 1979. In the original Chapter 13 schedules there are mathematical errors. In the answer to Question 2(f)(2), (3), and (4) it states the wife's gross wages as $507 with deductions of $148.50 leaving a net

take-home of $383.50. The net take-home should be $358.50 [$507–$148.50 = $358.50.] The monthly income in the budget was overstated by $25. In addition, no attorney disclosure statement was filed with the original petition.

On December 14, 1979, the Chapter 13 plan was amended. An attorney disclosure statement was still not filed. The proposed payments could not be completed within 36 months so debtor's counsel filed a motion to extend the plan to 5 years. However, at the confirmation hearing on December 21, 1979, confirmation was denied as the plan was not feasible and the liquidation test had not been satisfied. Further, there was a serious question raised about whether this was a petition filed in good faith as the debtors failed to disclose in their original Chapter 13 statement certain property owned and the equity they had in that property. See 11 U.S.C. § 1325 and 11 U.S.C. § 1307(c)(4). This case was subsequently dismissed on December 21, 1979.

No statement of attorney was filed in this case. In Question 5(a) and (b) of the petition it states $350 was promised and $1 had been transferred.

In the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney indicates that $350 plus $70 for the filing fee was promised and that the attorney was paid a $61 retainer and $100 was to be paid every other Saturday. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand but it does not detail specifically what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this Court finds the appropriate fee to be awarded is $25. However, since no attorney disclosure statement was ever filed, no fee may be awarded. Therefore, the attorney is to receive no compensation for this case.

BEATRICE ROZIER

Case No. 79–00245

This case was transferred to the United States Bankruptcy Court for the District of Maryland on January 16, 1980, and the show cause was also dismissed.

ANNETTE VENEY

Case No. 79–00246

Petition Filed: Nov. 13, 1979

This case was originally filed as a Chapter 13 on November 13, 1979. It did not require any undue expenditure of attorney time and presented no novel or complex issues. The skills requisite for the completion of a competent job were those minimal skills to which any bankruptcy practitioner would be held. The attorney was not precluded from other employment due to his acceptance of this case, and the customary fee during 1979–80 for ·cases of a similar nature was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney by his acceptance of this case.

The reputation of the attorney at the time of filing of the case had not been established and he had had very little bankruptcy experience. Further, there were numerous mathematical discrepancies in the papers filed with the case. In response to Question 2(f)(2) and (3) of the Statement, the gross semi-monthly salary is listed as $411.20 with payroll deductions of $103.11. This leaves a net income of $308.09, yet the

take-home pay was listed as $312.20. Because of the mathematical error, Question 4(a)(1) is then incorrect also. The estimated monthly income is listed as $624.40, but it should only be $616.18. The monthly expenses are miscalculated. They amount to $514.25, not $534.25 as listed. These miscalculations make the response to Question 4(c) incorrect also. The excess of future monthly income over future expenses is $101.93, not $90.15 as listed ($616.18–$514.25 = $101.93). Further, the $90.15 is denominated "exclusive of rent," but rent is necessarily figured in. It is a regular and necessary expense. The debtor's checking account, containing $75.00, at National Savings and Trust Company is not shown as required in Question 13(b), which is a listing of property of the debtor. There is a further discrepancy between the responses to Questions 9(b) and 11(a). Question 9 shows that the debtor's wages have been garnished because of a judgment outstanding by Yater Clinic, in the amount of $238.50. Yet in listing secured debts in the original plan, the judgment is said to be for $228.00. An amended plan was filed on December 14, 1979, in which the judgments of the Yater Clinic and of Robert Foley for $470 in rent were listed as unsecured rather than secured and the debt for legal services by John Devers for $350.00 was added as an unsecured debt. The plan was confirmed on December 20, 1979, but a hardship discharge was finally granted October 6, 1981 after the debtor defaulted under the plan.

According to the Statement of Attorney, $350 was promised for the fee and nothing had been paid. However, in response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, the attorney indicates that $350 plus the $60 filing fee was promised and that the terms of payment included a $60 retainer with a payment of $40 every other Friday. Any money received by the attorney after the filing of the petition is in violation of Bankruptcy Rule 219(a), which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of time expended in the case. The response to

Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 gives a brief description of the general nature of the work performed in all the bankruptcy cases presently on remand but it does not detail specifically what was done in this particular case. Consequently, it appears that nothing out of the ordinary was done on this case.

This case was not an "undesirable" case, and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral from a profit-making corporation which also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this Court finds the appropriate fee to be awarded is $75.00.

## CORA LEE STAPLES

Case No. 79–00249

Petition Filed: Nov. 14, 1979

This case was originally filed as a Chapter 13 on November 14, 1979. Prior to the Initial Meeting of Creditors on December 18, 1979, the debtor filed a motion to convert to a Chapter 7 because he could not "put sufficient funds into the plan which would satisfy the petitioner's secured creditors." Neither the Chapter 13 nor the Chapter 7 aspects of this case presented any novel or complex issues with which to deal and consequently did not require any undue expenditure of attorney time. The skills requisite for the completion of a competent job were those minimal skills to which any bankruptcy practitioner would be held. The attorney was not precluded from other employment due to his acceptance of this case, and the customary fee during 1979–80 for cases of a similar nature was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney by his acceptance of this case. The reputation of the attorney at the time of filing had not been established and he had had little bankruptcy experience. Further, there were numerous mathematical discrepancies in the filing of this case. For example, the Disclosure of Com-

pensation Paid or Promised to Attorney for Bankrupt filed in connection with the Chapter 13 and required by Bankruptcy Rule 219(b) reveals the amount transferred for services rendered was $14.00, and $350.00 had been promised as a fee. However, in response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, the attorney has indicated that $350.00 plus $60.00 for the filing fee was promised, plus an additional $100.00 for conversion. The attorney was to be paid $144.00 per month. Any money received by the attorney after the filing of the petition is in violation of Bankruptcy Rule 219(a), which provides that an attorney cannot be compensated post-petition without court approval. Moreover, his Chapter 7 Statement of Financial Affairs states that the amount transferred to the attorney was $158.00, and that $450.00 was promised as a fee. *See* Questions 15(b) and 15(c).

In his Chapter 7 petition, the debtor's Schedule A–2 is incomplete in that he has neglected to state the fair market value for his 1978 Chevrolet Camero, though it is listed on Schedule B–2 as having a fair market value of $3,400. Neither did the attorney there list the value of the household furniture secured by a lien from Household Finance Corporation. This represents a significant omission in that under 11 U.S.C. § 522(f) items are secured only up to the value of the collateral.

In response to Question 13(b) on his Chapter 13 list of personal property, instead of listing the fair market value of the items separately as required, the attorney has listed the aggregate value of all the items, under each item. That is, the aggregate value of the debtor's household furniture is $390.00, but that amount is listed under each item, making it appear that each item is worth $390.00. (On his Schedule B–4, property claimed as exempt, he does break down what each item is worth.) Likewise, with the amount of mortgage or other security interest on property, the aggregate amount for his household goods of $828.54 is listed under *each* item. Additionally, the attorney did not seek to avoid this lien under the provisions of 11 U.S.C. § 522(f).

On the trustee's Notice of Intention to Abandon Personal Property filed on March 12, 1980, the NADA value assigned the debtor's Chevrolet Camero was $4,875.00 and the GMAC lien was for $5,159.11. But the attorney had listed the fair market value on Schedule B–2(f) as $3,400 and the balance owed GMAC as $3,966.24 on Schedule A–2, Question 11. The attorney never submitted a detailed record of time expended in this case. In response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, he gives a brief description of the general nature of the work done in all the cases. However, he does not specify what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation which also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this Court finds the appropriate fee to be awarded is $50.00.

FARREL GLENN LEGER

Case No. 79–00250

Petition Filed: Nov. 14, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case.

The reputation of the attorney at the time of the filing of the case had not been

established and he had very little bankruptcy experience. Further, an amended Chapter 13 plan was filed on December 14, 1979. On December 21, 1979 the plan was confirmed. On January 10, 1980, a motion to dismiss was filed by the trustee as none of the payments had been made. Further, it was discovered that the debtor had not been employed at one of the jobs he listed on the schedules [and from which the income he included in his budget] since November 6, 1979 which was prior to the filing of the petition. The case was dismissed with prejudice by order of February 6, 1980 as the facts adduced at the hearing held on January 31, 1980 showed there were indications of fraud and that the petition was filed in bad faith.

According to the statement of attorney filed on November 14, 1979, $60 was paid and $350 was promised. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney indicates that $350 plus $60 for the filing fee was promised and that the attorney was paid a $61 retainer and that $59 every other week starting November 9, 1979 was to be paid. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand but it does not detail specifically what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $25.00.

## JEROME A. GLASPER
Case No. 79–00251

Petition Filed: Nov. 14, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. Further, in Schedule B–4 of the petition it lists "8 piece living room suite" $325 claimed exempt. But it should list *each* item separately so the court can determine whether the $200 exemption of 11 U.S.C. § 522 on each item applies. At the confirmation hearing on December 21, 1979 the plan was not confirmed. A request to convert to Chapter 7 was then granted. The case was converted on January 22, 1980. The Chapter 7 schedules were filed on February 1, 1980. On the Chapter 7 B–4, for the 8-piece living room suite, $750 was now claimed exempt. This was a no-asset Chapter 7 and new counsel entered his appearance prior to the discharge of the debtor. On May 19, 1980, a new Schedule B–4 was filed by the new counsel.

Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it gives a brief description of the general nature of the work done in all the bankruptcy cases pres-

ently on remand but it does not entail specifically what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $35.

THELMA EDMUNDSON a/k/a Thelma F. Edmundson a/k/a Thelma Fowler Edmundson

Case No. 79–00258

Petition Filed: Nov. 20, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. Further, there were mathematical errors on the schedules. In the answer to Question 2(f)(1)–(4) it lists the debtor's pay period as semi-monthly and her take-home per pay period is $298.10. Her monthly income is then listed as $676.20. This is incorrect; it should be listed as $596.20 [$298.10 × 24 weeks = $7,154.40; $7,154.40 ÷ 12 months = $596.20.] Therefore, the debtor's monthly income is overestimated by $70. In response to Question 4(b) the monthly expenses are listed as to-

talling $552.35 and on Question 4(d) lists will pay $104 per month into the plan. But there is only $43.85 a month in her budget to fund the plan. On January 15, 1980, an amended plan was filed. On January 16, 1980, the debtor's attorney filed a motion to extend the Chapter 13 plan to 56 months. In Paragraph 2 of that motion, it states:

"That having these options explained to her the petitioner elects to pursue a full 100% wage earner's plan as opposed to a composition plan or Chapter 7 proceeding and thus avoid the stigma that may result from these forms of relief."

However, the debtor never could have proceeded under a Chapter 7 as she had received a discharge in bankruptcy on February 28, 1977 and a person may only receive a discharge under Chapter 7 once every six weeks. *See* Answer to Question No. 8 of the Bankruptcy Petition in 79–00214. On January 18, 1980, confirmation was denied. A second amended plan was filed on January 22, 1980. On January 22, 1980, another Motion to Extend Chapter 13 plan to 36 months was filed. In paragraph 2 of that motion it states:

"That having these options explained to her the petitioner elects to pursue a full 100% wage earner's plan as opposed to a composition or Chapter 7 proceeding in view of the fact that she in the past four years filed a similar proceeding."

The confirmation hearing on the second amended plan was scheduled for February 19, 1980. On February 13, 1980, a motion for continuance was filed by debtor's counsel because of a conflict in the attorney's schedule. On March 18, 1980, counsel for the debtor filed a motion to withdraw as counsel. The George Washington Bankruptcy Clinic then entered their appearance. A motion to change the payment schedule was filed by the new counsel and the plan was then confirmed.

According to the statement of attorney filed on November 20, 1979, $350 was promised and $0 was transferred to the attorney. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney indicates that

$350 plus $60 for the filing fee was promised and that the attorney was paid a $60 retainer with $52 to be paid each week starting November 13, 1979. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand but it does not detail specifically what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $35.00.

BRYAN J. DOUGLAS

Case No. 79–00259

Petition Filed: Nov. 20, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. An amended plan was filed on January 11, 1980. According to the statement of attorney filed on November 20, 1979, $350 was promised and $44 was paid. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney indicates that $350 plus $60 for the filing fee was promised and that the attorney received a retainer of $104 and that $100 each week was to be paid starting December 3, 1979. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand but it does not detail specifically what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $75.00.

CAROLYN HUNTER

Case No. 79–00260

Petition Filed: Nov. 20, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not

precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. Further, there were mathematical errors in the Chapter 13 schedules. In response to Questions 2(f)(1)–(4) it lists the debtor's salary as $540 per pay period with $332.04 in deductions. The net income is listed as $208.76 but it should be listed as $207.96.

On January 11, 1980 an amended plan was filed. On January 16, 1980 a Motion to Extend Chapter 13 Plan to 48 months was filed. On that same day the amended plan was not confirmed and a new plan was directed to be filed. On January 22, 1980, a second amended plan was filed. Two motions for continuance were filed and granted. On March 18, 1980, the amended plan was not confirmed. The debtor then requested that the case be converted to a Chapter 7. On the same date, counsel for the debtor filed a motion to withdraw his appearance.

On June 20, 1980 the new counsel amended the Schedule B–4 to exempt an additional $1,300 on an automobile and to include the escrow fund of $1,085 held by John Devers. A discharge was granted on December 9, 1980.

According to the statement of attorney filed on November 20, 1979, $350 was promised and $20 was transferred. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney indicates that $350 plus $60 for the filing fee was promised and that the attorney was paid a $20 retainer with $111 to be paid every other week starting October 31, 1979. But in answer to Question 15(b) and (i) of the Chapter 7 petition, it lists that $450 was promised and $450 was transferred. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand, but it does not detail specifically what was done in this particular case. Based on this, there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $35.00.

MARGARET E. STRINGER

Case No. 79–00272

Petition Filed: Nov. 27, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case. Confirmation of the Chapter 13 plan was obtained on January 22, 1980.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. Further, there were mathematical errors in the petition. In response

288

to Question 2(f) it indicates that the debtor is paid $641.15 semi-monthly. Deductions total $134 per pay period. This leaves a net income of $507.15. However, the take-home figure is listed as $406.64. In addition, in the budget the debtor lists under "other monthly income" $400. However, the debtor never indicates where this additional source of income is coming. On January 11, 1980, the schedules were amended and an amended plan was filed.

According to the statement of attorney filed on November 27, 1979, it states that $450 was promised for a fee and $40 had been paid. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney indicates that $350 plus $60 for the filing fee was promised and that the attorney received a $40 retainer and that $143 every other week starting December 7, 1979 was to be paid. Further, on the Amended Schedules in response to Question 11, the attorney is listed as owed $267. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand, but it does not detail specifically what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $75.00.

BARBARA A. WESLEY
Case No. 79–00294

Petition Filed: Dec. 11, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case. Confirmation of the Chapter 13 plan was obtained on February 7, 1980.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. According to the statement of attorney filed on December 11, 1979, $350 was promised for a fee and $50 was transferred. According to the response to Question 5(a), (b) of the petition, $350 was promised and $5 was transferred. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, the attorney indicates that $350 plus $60 for the filing fee was promised and that the attorney received a retainer of $65 and was to be compensated $60 every other week starting November 15, 1979. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand but it does not detail specifically what was done in this particular case. Based on this there appears to have

been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $75.00.

MARY J. BELTON

Case No. 79–00295

Petition Filed: Dec. 11, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case. Confirmation of the Chapter 13 plan was obtained on February 7, 1980.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. According to the statement of attorney filed on December 11, 1979, the fee charged is $325 and nothing had been transferred to the attorney. But in the answer to Question 5(a) and (b) of the petition, $350 had been promised and zero had been transferred. The attorney then is listed as an unsecured creditor in the amount of $340 in the response to Question 11(b) of the petition. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney indicates that $350 plus $60 for the filing fee was promised and that the attorney was paid a retainer of $10 with $52.50 due every

week starting December 6, 1979. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand but it does not detail specifically what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $75.00.

BETTYE F. ZELLARS

Case No. 79–00296

Petition Filed: Dec. 11, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. Further, on January 22, 1980, a motion to convert the case to a

Chapter 7 was filed stating that prior to the First Meeting of Creditors it was determined that the "petitioner cannot put sufficient funds into the plan."

According to the statement of attorney filed on December 11, 1979, the total fee charged is $350 and $127 had been transferred to the attorney. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney indicates that $400 plus $60 for the filing fee was promised and that the attorney was to be paid $125 every other week. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand but it does not detail specifically what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $75.00.

JACQUELINE M. HITE

Case No. 79–00300

Petition Filed: Dec. 13, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case. Confirmation of the Chapter 13 plan was obtained on February 7, 1980.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. Further, there were mathematical errors in the petition. In response to Questions 2(f)(1–4) it states that the debtor semi-monthly had gross wages of $446.15. Deductions per pay period totaled $119.21. This leaves a net income of $326.94. However, the take-home pay is listed as $326.34. Consequently, the budget set forth under Question 4 is also incorrect.

According to the statement of attorney filed on December 13, 1979, $350 was promised and $20 was transferred. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329 the attorney indicates that $350 plus $60 for the filing fee was promised and that the attorney was paid a $20 retainer and was to be paid $137 every other week starting December 14, 1979. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand, but it does not detail specifically what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short.

Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $75.00.

## FRANCES E. WHITE

Case No. 79–00320

Petition Filed: Dec. 20, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case. Confirmation of the amended Chapter 13 plan was obtained on April 15, 1980.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. Further, there were mathematical errors in the petition. In the response to Questions 2(f)(1–4), it states that the debtor semi-monthly receives gross wages of $562.40 with deductions of $294.14 which leaves a net take-home per pay period of $268.26. However, in response to Question 4, the monthly take-home is listed as $736.52. However, the monthly take-home is only $536.52 [268.26 × 24 weeks = $6,438.24; $6,438.24 ÷ 12 months = $536.52.] The monthly available income to fund the plan is therefore overstated by $200. The debtor therefore, after subtracting out the monthly expenses of $491.80, only has $44.72 per month to fund the plan and not $244.72.

According to the statement of attorney filed on December 20, 1979, $450 was promised and $140 had been transferred. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, the attorney indicates that $450 plus $60 for the filing fee was promised and that the attorney was paid a $40 retainer and was to be compensated $100 every other week. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand but it does not detail specifically what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $50.00.

## CARLTON M. YOUNG

Case No. 79–00323

Petition Filed: Dec. 20, 1979

This Chapter 13 case did not require an excess amount of time of the attorney nor were there any novel or complex issues involved in the case. The skills required to do the job competently were those minimal skills that any bankruptcy practitioner would be held to. The attorney was not precluded from other employment due to the acceptance of this case and the customary fee in the year 1979–80 for a similar case was in the $200–$450 range. There do not appear to have been any serious time limitations imposed on the attorney because of the acceptance of this case.

The reputation of the attorney at the time of the filing of the case had not been established and he had very little bankruptcy experience. Further, there were mathematical errors in the petition. According to the response to Question 2(f)(1–4) the debtor's weekly gross wages were $376. There were deductions of $167.84 which leaves a weekly net income of $208.16. This means there is a monthly net income of $902.03. [$208.16 × 52 weeks = $10,824.32; $10,824.32 ÷ 12 months = $902.03.] However, the monthly net income is listed in response to Question 4 as $975.69. Therefore, there is not enough money to fund the proposed plan. In addition, an amended plan was filed on February 7, 1980, but the case was dismissed on June 17, 1980.

According to the statement of attorney filed on December 20, 1979, $500 was promised and $0 was transferred to the attorney. However, in the response to Question 7 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, the attorney indicates that $500 plus $60 for the filing fee was promised and that the attorney received a retainer of $11.00 with the balance to be paid in payments of $136 every other week. However, any money received by the attorney after the filing of the petition was in violation of Bankruptcy Rule 219(a) which provides that an attorney cannot be compensated post-petition without court approval. Further, the attorney never submitted a detailed record of the time expended in this case. However, in the response to Question 11 of the Questionnaire Propounded Pursuant to 11 U.S.C. § 329, it gives a brief description of the general nature of the work done in all the bankruptcy cases presently on remand but it does not detail specifically what was done in this particular case. Based on this there appears to have been no work out of the ordinary done on this case.

This case was not an "undesirable" case and the length of the professional relationship with the client was relatively short. Further, the attorney received the referral for this case from a profit-making corporation who also employed him.

After a review of the evidence of record in this case and after applying all the factors set forth in the *Johnson* case, this court finds the appropriate fee to be awarded is $50.00.

According to the memorandum opinion of Judge Robinson in *In re John Devers,* 12 B.R. 140 at p. 142 (January 13, 1981), the Court states that:

"The finding that Devers accepted unauthorized referrals, assisted the unauthorized practice of law, was under the control of one other than the client and engaged in other violations of the Code of Professional Responsibility was not enough, without more, to order the return or cancellation of fees. The Bankruptcy Judge did not determine how the ethical violations diminished the value of services performed for the thirty-eight debtors. The cancellation of fees was nothing more than a penalty for violations of the Code of Professional Responsibility. The Bankruptcy Judge is without statutory authority for assessing such a penalty."

This Court is at a loss as to how to give a monetary value to ethical violations. Ethical violations are not something tangible enough to place a monetary value on. Judge Robinson also stated in his opinion that:

"it is the absence of competency, not the violation of the Code of Professional Responsibility that affects the fee determination. The determination in this case that the Appellant violated various Disciplinary Rules of the Code is but the first step. The Judge must relate the violation to the value of services to the client. There must be specific findings that the unethical conduct lessened the value of the lawyer's services to his clients."

*In re Devers,* 12 B.R. 140 at p. 142 (Jan. 13, 1981).

In assessing the impact of counsel's unethical conduct in each of the cases treated herein on a seriatim basis, it should be stressed that (1) the client's freedom of choice in selecting a competent attorney was severely limited by reason of counsel's

conduct in connection with his relationship to the illegal debt consolidation corporation known as American Financial Services, Inc., and (2) the minimum level of professional competence for debtor representation under the new Bankruptcy Code was clearly lacking in view of the attorney's failure to acquaint himself with the substantive provisions of the new Code. This assessment has, of course, been applied to each of the pending cases in determining the amount of a reasonable fee.