**In re John DEVERS.**

**Civ. A. No. 80–2090.**

United States District Court, District of Columbia.

Jan. 13, 1981.

Ira C. Wolpert, Washington, D. C., for plaintiff.

Judith Bartnoff, Sp. Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM OPINION

AUBREY E. ROBINSON, Jr., District Judge.

This case is on appeal from the United States Bankruptcy Court for the District of

Columbia. At issue is the Bankruptcy Court's June 16, 1980 Order directing Appellant Devers to refund or cancel legal fees charged clients in connection with thirty-eight (38) bankruptcy cases. Appellant maintains that the notice provided him by the Bankruptcy Court prior to the hearing in this matter denied him due process. Appellant further maintains that the Bankruptcy Court's primary consideration of the Appellant's ethical conduct in its fee evaluation was in error. Finally, Appellant challenges the Bankruptcy Court's use of inductive reasoning, through which the Court examined four cases and concluded that all thirty-eight cases were alike. The decision of the Bankruptcy Court is affirmed in part, reversed in part and remanded for further proceedings.

In October, 1979, the Appellant became counsel for a corporation doing business in the District of Columbia known as American Financial Services (AFS). AFS was in the business of arranging pro-rated payment schemes for customers who were attracted to the company by newspaper ads proclaiming "Get out of debt". Customers in particularly dire financial straits were advised to consult with a bankruptcy attorney and were specifically referred to the Appellant, John Devers. Devers maintained his office in the same suite as AFS and used the same telephone exchange. He acquired thirty-eight clients through referrals from AFS and filed bankruptcy petitions on their behalf in the United States Bankruptcy Court for the District of Columbia during 1979.

On January 10, 1980, the presiding Bankruptcy Judge *sua sponte* issued a show cause order to Appellant Devers pursuant to 11 U.S.C. § 329 and Bankruptcy Rule 220, which authorize a Bankruptcy Judge to examine debtors' fee arrangements with attorneys. The show cause order contained the following directive:

[Counsel shall explain] [w]hy this Court should not review and take action regarding the nature and value of the services rendered in the above-captioned cases and determine what is in fact a reasonable

fee for the services actually rendered, and order the return of all or part of the fee received by him as attorney for the above named [38] debtors, and why this Court should not consider, in reviewing the nature and value of services rendered, the extent of the attorney's compliance with the standards of competence and ethical conduct as set forth in the Code of Professional Responsibility . . .

Order to Show Cause, January 10, 1980.

The show cause hearing was conducted on April 25, 1980. Prior to the hearing, the Bankruptcy Judge propounded a questionnaire to the Appellant containing questions about whether and how the cases were referred to Mr. Devers, his relationship with the referring organization, the nature of the legal services rendered and the compensation paid. At the hearing, four debtor-clients, selected at random by the Court, appeared to testify about their fee arrangements with Mr. Devers.

On June 16, 1980, the Bankruptcy Judge issued a Memorandum Opinion and Order. He found that the Appellant had engaged in conduct violative of the Code of Professional Responsibility by obtaining clients from AFS. While specifying a few technical shortcomings in Appellant's representation of the four clients who testified at the hearing, the Judge relied almost exclusively on the ethical violations to conclude that the value of professional services to the debtors in all thirty-eight cases was "zero". The Judge presumed that since all thirty-eight clients came to the Appellant in the same manner, the value of Appellant's services must have been the same to all thirty-eight.

Appellant takes issue with the notice given him by the Bankruptcy Judge as to the nature of the Court's inquiry. Specifically, Appellant maintains that the Bankruptcy Judge should have cited sections of the Code of Professional Responsibility allegedly violated. Without such notice, Devers argues that he was unable to adequately prepare for the show cause hearing and was thus denied due process. This Court need not reach the due process/adequacy of no-

tice question. The deficiencies in the Bankruptcy Court's substantive determinations under Section 329 of the Bankruptcy Code requires a reexamination by the Bankruptcy Judge of the fees paid or due in all thirty-eight cases.

▪ The Bankruptcy Judge has broad discretion when he examines the reasonableness of fees paid an attorney for work on a bankruptcy case. 2 *Collier on Bankruptcy* ¶ 329.04[1]–[5] (15th ed. 1979).[1] However broad his discretion, it is obvious that when a Bankruptcy Judge examines fees under Section 329, he must in fact examine the fees in relation to the value of services performed. Collier expresses the opinion that the criteria used when fees are awarded by the Court are appropriate criteria in a Section 329 examination of fees paid by a client; the criteria include time, nature, extent and value of services rendered as well as the cost of comparable services other than in a case under the Bankruptcy Code. *Id.* § 330.05. The Bankruptcy Judge erred when he determined that the value of the services performed in all thirty-eight cases was zero solely because Devers engaged in unethical conduct.

The finding that Devers accepted unauthorized referrals, assisted the unauthorized practice of law, was under the control of one other than the client and engaged in other violations of the Code of Professional Responsibility was not enough, without more, to order the return or cancellation of all fees. The Bankruptcy Judge did not determine how the ethical violations diminished the value of services performed for the thirty-eight debtors. The cancellation of the fees was nothing more than a penalty for violations of the Code of Professional Responsibility. The Bankruptcy Judge is without statutory authority for assessing such a penalty.

▪ Ethical violations are without question relevant to a fee determination. Unethical conduct on the part of an attorney in many cases will lessen the value of services to a client. For example, where a lawyer fails to act competently in violation of Disciplinary Rule 6–101, the value of his services to his client is diminished. However, it is the absence of competency, not the violation of the Code of Professional Responsibility that affects the fee determination. The determination in this case that the Appellant violated various Disciplinary Rules of the Code is but the first step. The Judge must relate the violation to the value of services to the client. There must be specific findings that the unethical conduct lessened the value of the lawyer's services to his clients.[2]

---

1. Section 329 and Rule 220 provide in pertinent part:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(b) If such compensation [paid or agreed to be paid] exceeds the reasonable value of any such services, the Court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(2) the entity that made such payment.

11 U.S.C. § 329 (1979 Supp.).

Rule 220 provides in pertinent part:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(b) Payment or Transfer to Attorney, or Agreement Therefor, After Bankruptcy. On motion by the bankrupt or on the court's own initiative, the court may examine any payment of money or any transfer of property, or any agreement therefor, by the bankrupt to an attorney after bankruptcy, whether the payment or transfer is made or is to be made directly or indirectly if the payment, transfer, or agreement therefor is for services in any way related to the bankruptcy.

(c) Invalidation of Unreasonable Payment, Transfer or Obligation. Any payment, transfer or obligation examined under subdivision (a) or (b) of this rule shall be held valid only to the extent of a reasonable amount as determined by the court. The amount of any excess found to have been paid or transferred under subdivision (a) or (b) may be recovered for the benefit of the estate or the bankrupt, as their interests may appear, and any obligation found to be excessive may be cancelled to the extent of the excess.

Bankruptcy Rule 220.

2. For example, there is evidence in the record of this case that Appellant may have been paid twice for work done, once by AFS and once by the client. This would have resulted from the unethical control of Devers by AFS and would have made the fees paid by the client excessive. The Bankruptcy Judge must make this sort of determination on remand.

The inadequacy of the Bankruptcy Court's findings is compounded by the fact that the Judge examined only four of the thirty-eight cases in any kind of detail. To determine the reasonableness of the fees in any particular case, the Judge must examine that case. The Bankruptcy Judge apparently concluded that since all the cases were referrals from AFS, the value of the services in each case was zero. This kind of inductive reasoning may be appropriate for scientific experiments but is impermissible in dealing with property rights.

On remand, the Bankruptcy Judge should examine the value of the services performed by Appellant Devers in each of the thirty-eight cases. If unethical conduct on the part of the Appellant diminished the value of his services to a client, the Judge should specifically explain the basis for that conclusion.

The opinion of this Court is not to be interpreted as an exoneration of the Appellant for his relationship with AFS or for his actions on behalf of his clients. The Court expresses no opinion as to the propriety of Dever's conduct. The question as to the professional propriety of Devers' conduct is appropriately left with the disciplinary panels established to examine such conduct. The Bankruptcy Judge's Order is affirmed insofar as he ordered the Bar Counsel to take appropriate disciplinary steps against the Appellant and insofar as he ordered the United States Trustee and Corporation Counsel to investigate American Financial Services, Inc. In all other respects the Judge's Order is reversed, and the case is remanded to the Bankruptcy Judge for proceedings not inconsistent with this Memorandum Opinion.