In re John P. DEVERS, Appellant.

Civ. A. No. 83–0031.

United States District Court, District of Columbia.

June 6, 1983.

Lawrence H. Fischer, Deckelbaum, Wolpert & Ogens, Washington, D.C., for petitioner.

Quinlan Shea, Jr., Alexandria, Va., for respondent.

# MEMORANDUM OPINION AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

This case is on appeal from the United States Bankruptcy Court for the District of Columbia for the second time. At issue is the Bankruptcy Court's September 30, 1982 Opinion which contains a review of each of the thirty-eight cases in issue and designates a fee for each case. Appellant herein challenges the ruling of the Bankruptcy Court by alleging, *inter alia,* that the Court failed to comply on remand with the instructions of this Court by failing to conduct a *de novo* review of Appellant's alleged unethical conduct or not sufficiently explaining the relationship between such conduct and a reduction in fees; that the Court did not properly apply the required legal standards in its examination of the value of the services rendered; and that the Court erred as a matter of law and fact in refusing any award of attorney's fees where Appellant had failed to file disclosure statements pursuant to Bankruptcy Rule 219.

In October 1979, Appellant was employed as counsel for American Financial Services (AFS), a corporation engaged in arranging pro-rata payment schemes for customers seeking financial help. Customers of the corporation who were experiencing severe financial problems were advised to consult Appellant as their bankruptcy attorney. Appellant's office was in the same office space and he used the same telephone number as AFS. In this manner, Appellant acquired the instant thirty-eight cases in which he represented debtors in both Chapter 7 and Chapter 13 bankruptcy proceedings.

The Bankruptcy Court *sua sponte* issued to Appellant an Order to Show Cause pursuant to § 329 of Title 11 of the United States Code (the Bankruptcy Code) and Rule 220 of the Rules of Bankruptcy Procedure (Bankruptcy Rules). *In Re Smith,* No. 79–00208 (Bankr.D.D.C. Jan. 10, 1980) (Order to Show Cause). In accord with the Bankruptcy Code and Rules which authorize a Bankruptcy Judge to examine debtors' fee arrangements with attorneys, the Order directed Appellant to explain:

> [w]hy this Court should not review and take action regarding the nature and value of the services rendered in the above-captioned case and determine what is in fact a reasonable fee for the services actually rendered, and order the return of all or part of the fee received by him as attorney for the above named [38] debtors, and why this Court should not consider, in reviewing the nature and value of services rendered, the extent of the attorney's compliance with the standards of competence and ethical conduct as set forth in the Code of Professional Responsibility...

*Id.*

In addition, prior to the hearing the Court directed to Appellant a Questionnaire containing questions regarding whether and how cases were referred to him, the nature of his relationship with AFS, the nature of the legal services rendered and the compensation paid him by the debtor/clients. Four randomly selected clients appeared and testified at the hearing regarding their fee arrangements.

After the hearing the Bankruptcy Court concluded that Appellant had violated certain sanctions of the ABA Code of Professional Responsibility, including accepting unauthorized referrals and assisting in the unauthorized practice of law. The Court found that such unethical conduct had rendered Appellant's services to his clients valueless. Accordingly, on June 16, 1980, an Order was entered directing Appellant to disgorge all fees paid and to cancel all fee arrangements. *In re Smith,* 5 B.R. 92 (Bkrtcy.D.D.C.1980). Appellant sought a stay of the Order, which was subsequently granted, and noticed an appeal.

On appeal to this Court, the Appellant maintained that he had been denied due process by the inadequate notice provided by the Bankruptcy Court prior to the show cause hearing; that the Bankruptcy Court had been in error when it used unethical conduct as the primary consideration in

evaluating the reasonableness of the fees; and that it was improper for the Bankruptcy Court to deny fees in all thirty-eight cases when only four cases had been examined. This Court did not reach the due process issue, but agreed with the Appellant that the Bankruptcy Court's examination of the cases had been deficient. *In Re Devers,* 12 B.R. 140 (Bkrtcy.D.C.1981). The matter was remanded to the Bankruptcy Court for a *de novo* review with the instruction that a thorough reexamination be conducted of the fees claimed in relation to the value of services performed in each of the thirty-eight cases. *Id.* This Court stated that despite the broad discretion granted to the Bankruptcy Court in determining fee awards, criteria such as those set forth in section 330.05 of *Collier on Bankruptcy* must be used when fees are examined under § 329 of the Bankruptcy Code. *Id.* This Court acknowledged that ethical violations are relevant to fee determination. It stated, however, that if the Bankruptcy Court were to find on remand that unethical conduct had diminished the value of any services, the Bankruptcy Court must explain the specific basis for that finding. *Id.*

On remand, the Bankruptcy Court reviewed each of the thirty-eight cases individually. The Court applied the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974). It also noted certain conduct of the Appellant which it thought unethical. The Court arrived at a fee in each case which it found to be appropriate. In three cases, Appellant's failure to comply with Bankruptcy Rule 219 was a basis for denying fees that would otherwise have been awarded. *In Re Smith,* 24 B.R. 266 (Bkrtcy.D.D.C.1982).

■ Initially, this Court concludes that the Bankruptcy Court conducted a *de novo* determination of the Appellant's legal services as mandated by this Court in its Opinion of January 13, 1981. The mandate found in that Opinion "requires a reexamination by the Bankruptcy Judge of the fees paid or due in all thirty-eight" cases. *In Re Devers,* 12 B.R. at 142. The direction given

to the Bankruptcy Court was "to examine the value of the services performed by Appellant Devers in each of the thirty-eight cases." *Id.* at 143. This Court denied Appellant's Motion for Reconsideration and Clarification stating that it clearly indicated in its Memorandum Opinion that the Bankruptcy Court must make a "*de novo*" determination. *In Re Devers,* 12 B.R. 140 (Bkrtcy.D.C.1981) (Order denying reconsideration and clarification). This mandate did not mean that a full new evidentiary hearing was required or that the Bankruptcy Court was required to ask that new evidence be submitted. The Opinion of the Bankruptcy Court indicates that on remand the Bankruptcy Judge closely examined all of the pleadings, documents and testimony that had been previously provided. The Memorandum Opinion clearly reflects that a thorough reexamination of the record was conducted. Furthermore, it does not appear that Appellant at any time sought to submit additional evidence to the Court, and it is unclear at this late date why Appellant should be heard to complain that the Court did not request it from him. The Court concludes that the *de novo* procedure followed by the Bankruptcy Court fully complied with the expectations and direction of this Court.

■ Appellant also challenges the findings of the Bankruptcy Court on the ground that he did not receive the reasonable notice and opportunity for a hearing for which Bankruptcy Rule 914 provides. He alleges that he had insufficient notice that his conduct would be considered at the Show Cause hearing, and that because a new trial was not conducted on remand, his right to due process has been violated. These assertions are without merit. The record indicates that Appellant received a Show Cause Order approximately three months prior to the hearing which set forth the kind of examination to be conducted and which specifically directed Appellant to show cause *inter alia* " . . . why this Court should not consider, in reviewing the nature and value of the services rendered, the extent of the attorney's compliance with the standards of

competence and ethical conduct as set forth in the Code of Professional Responsibility." *In Re Smith,* No. 79–00204 (Bankr.D.D.C. Jan. 10, 1980) (Order to Show Cause). In addition, the questionnaire propounded to Appellant prior to the hearing inquired as to his fee arrangement and the manner in which he received referrals, issues essential to the consideration of the ethics of his practice. The time and the date of the hearing were indicated and Appellant was present at the hearing.

The Bankruptcy Court was not required on remand to warn the Appellant that it would consider particular ethical violations anew. The Court was only instructed to review the thirty-eight cases *de novo* and to determine reasonable fees in accordance with Bankruptcy Rule 220 and 11 U.S.C. § 329. It is difficult, indeed, to see how Appellant could not have been aware that his conduct would be examined at the initial hearing. Nonetheless, Appellant could have brought by motion to the Court a request to submit further evidence either orally or by affidavit, but did not do so. By this point in the proceedings, Appellant was fully aware of the issues. Since Appellant was silent, the Bankruptcy Court was entitled to assume that the evidence of record was all the Appellant wished to have considered in support of his application. It is clear that the Bankruptcy Court weighed and appraised the evidence before it. Therefore, the Court concludes that Appellant was afforded due process and the findings of the Bankruptcy Court will not be disturbed on the due process ground.

On remand, this Court directed the Bankruptcy Court to conduct a more thorough and detailed substantive examination of the fees requested in relation to the value of the services performed. In doing so, the Court specifically suggested that section 330.05 of *Collier on Bankruptcy* be consulted for guidance as to the appropriate criteria to be used in an examination of attorney's fees pursuant to section 329 of the Bankruptcy Code. *In Re Devers,* 12 B.R. at

142. The criteria set forth in that section are those delineated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (6th Cir.1974). The twelve factors to be weighed by the Court as set forth in *Johnson* are:

(1) The time and labor required; ...

(2) The novelty and difficulty of the questions; ...

(3) The skill requisite to perform the legal service properly; ...

(4) The preclusion of other employment by the attorney due to acceptance of the case; ...

(5) The customary fee; ...

(6) Whether the fee is fixed or contingent; ...

(7) Time limitations imposed by the client or other circumstances; ...

(8) The amount involved and the results obtained; ...

(9) The experience, reputation and ability of the attorney; ...

(10) The "undesirability" of the case; ...

(11) The nature and length of the professional relationship with the client; ...

(12) Awards in similar cases.

*Id.* The use of these particular criteria has become the established legal standard and practice employed by bankruptcy courts in examining fee awards. *In re First Colonial Corp. of America,* 544 F.2d 1291, 1299 (5th Cir.), *cert denied,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977).

As is evident from the detailed examination of each case set forth in the Memorandum Opinion of the Bankruptcy Court, that Court on remand clearly applied the requisite factors set forth in *Johnson.* Each of the factors was weighed in light of the facts of each case and the Court explicitly indicated how each factor affected the determination of the appropriate fee for the particular case. There can be no question

that the Bankruptcy Court applied the appropriate legal standards and criteria in determining the appropriate fee to be awarded in each case.

■ Appellant further contends that ethical violations should not have been considered by the Bankruptcy Court in reaching its conclusions as to the appropriate award of attorney's fees. This Court, however, acknowledged the clear relevance of an attorney's conduct to the value of services he provides. *In Re Devers,* 12 B.R. at 142. The Court noted that if the Bankruptcy Court were to find on remand that unethical conduct had diminished the value of any services, the Bankruptcy Court must explain the specific basis for that finding. *Id.*

■ It is not clear from the Memorandum Opinion of the Bankruptcy Court whether the Court considered alleged unethical conduct in reaching its conclusions on the value of Appellant's services. The Court infers, however, that the Bankruptcy Court did consider such conduct as a factor in determining such fees because throughout its Opinion the Bankruptcy Court makes reference to the fact that Appellant was employed as legal counsel for a profit-making corporation involved in debt planning and debt consolidation at a salary of $300 per week and that many of the cases in issue were referred to Appellant by that company. If the Court's inference is correct, then the Bankruptcy Court's examination of the case is again deficient because it fails to relate adequately the alleged ethical violations to the value of Appellant's services which this Court specifically directed the Bankruptcy Court to do if such conduct was going to be a factor in determining the amount of fees.

In the case of Shirley Smith, for example, the Bankruptcy Court starts with the proposition that the customary fee for a similar case in 1979–1980 was approximately $200–$450. The Court next applied the *Johnson* factors. It then notes that Appellant was employed as legal counsel for a profit making corporation involved in debt planning and debt consolidation at a salary of $300 per week and that the case of Shirley Smith was referred to Appellant by that company. The Court next concludes that if Appellant had filed a disclosure statement pursuant to Rule 219 the appropriate fee to be awarded in this case would be $75. This Court is at a loss to determine how the Bankruptcy Court arrived at the $75 fee when on one hand it states that "this Court is at a loss as to how to give a monetary value to ethical violations" and on the other hand it starts with the figure of $200–$450 and arrives at a fee award of $75. Although it appears that the Bankruptcy Court relied on the fact of Appellant's relationship with AFS as a factor in making its fee award determination, the Bankruptcy Court has failed to relate this conduct to the value of Appellant's services. The Court has made no finding, for example, that salary received by Appellant was compensation for the work performed for the Debtor in the Bankruptcy Court, rather than for work performed for the corporation. Yet, this is the type of finding that would be necessary in order to explain how, if at all, such unethical conduct impacted on the value of services.

■ The examination of the Smith case is just one example of the deficiencies that appear throughout the Bankruptcy Court's analysis. The Bankruptcy Court, in each case under review, relied on the fact that Appellant received the case by way of referral from AFS. This consideration, however, is never related to the value of services in any case. As the Bankruptcy Court has not explained how any of the alleged unethical conduct on the part of Appellant diminished in some manner the value of services rendered, it was improper to rely on such findings to reduce the award of attorney's fees in the cases under review.

For the reasons set forth above, the Court concludes that the deficiencies in the Bankruptcy's Court analysis with respect to

the impact of the alleged unethical conduct on the value of Appellant's services requires a reexamination by the Bankruptcy Judge of the fees paid or due in all but three of the thirty-eight cases now on appeal. On remand, the Bankruptcy Judge should again examine the value of the services performed by Appellant Devers in each of the cases. If unethical conduct on the part of the Appellant diminished the value of his services to a client, the Bankruptcy Court should specifically explain the basis for that conclusion. The Court's analysis of each case should specifically set forth (1) whether unethical conduct was a factor in determining the amount of the fee award; (2) if so, what was the nature of the conduct; (3) the amount by which the alleged unethical conduct has reduced the value of Appellant's services; and (4) the Court's basis for reducing the value of Appellant's services by such an amount. If the Court cannot explain how any of the alleged unethical conduct on the part of Appellant diminished in some manner the value of the services rendered, then the Court cannot consider such conduct as a factor in arriving at the fee award determination.

With respect to the cases of Shirley Ann Smith, 79–208, Daisey M. Mewborn, 79–226, and Lewis and Annie Stokes, 79–244, in which the Bankruptcy Court found that no fee award could be made because the disclosure statements were not filed as required in Bankruptcy Rule 219(b), the decision of the Bankruptcy Court is affirmed. 11 U.S. C.A. § 329(a) of the Bankruptcy Code requires an attorney for the debtor to file with the Court a statement indicating any compensation paid to such an attorney for services rendered or to be rendered in contemplation of and in connection with a case under the Code. Under Rule 219(b) and now § 329(a) the requirements for disclosure are explicit and failure to comply with the disclosure requirements of the Code has some time resulted in severe consequences. 2 L. King, *Collier on Bankruptcy* ¶ 329.03 at 329–6 (15th ed. 1983). *See, e.g., In Re Futuronics Corporation,* 655 F.2d 463 (2d Cir.1981), *cert. denied,* 455 U.S. 941, 102 S.Ct. 1435, 71 L.Ed.2d 653 (1982); *In Re Arlan's Department Store, Inc.,* 615 F.2d 925 (2d Cir.1979). In these cases attorneys were denied payment for failure to comply with various disclosure requirements of the Code. Although the Court recognizes that neither of these cases involved failure to file disclosure statements under Rule 219(b), the principles set forth are appropriate in this case.

The purpose of Rule 219(b) is to "facilitate the examination of the bankrupt's transactions with his attorney pursuant to Rule 220." 2 *Collier on Bankruptcy* ¶ 329.02 at 329–5 (15th ed. 1983). "The disclosure required by Rule 219(b) served as 'a safeguard against roundabout depletions of the estate and impositions on the debtor contrary to the purpose underlying Rule 220.'" *Id.* It is the duty of counsel for a debtor in a bankruptcy proceeding to disclose fully to the Court all connections that may exist between counsel and debtor, the creditors, and any party in interest. *In Re Futuronics Corporation,* 655 F.2d at 463. The Court concludes, therefore, that failure to file a disclosure statement under Rule 219(b) is a violation of the bankruptcy rules and of fiduciary obligations owed to the Court. Given the purposes of Rule 219(b), such a violation and breach of duty warrants the severe penalty of the denial of all compensation with respect to the three cases in issue irrespective of whether any harm may have actually resulted to the various estates or creditors.