**In re Walter D. GREGORY and Karen Gregory, Debtors.**

**In re Walter D. GREGORY and Chamberlain, Hrdlicka, White, Williams & Martin, Appellants.**

**Bankruptcy No. 92–46330–H5–11. Civ. A. Nos. H–96–1131, H–96–2945, H–96–3079.**

United States District Court, S.D. Texas, Houston Division.

Sept. 19, 1997.

Mark S. Finkelstein, Shannon, Martin, Finkelstein & Sayre, George William Connelly, Chamberlain Hrdlicka White Williams & Martin, Houston, TX, for appellant.

Ruth Edry Salek, Attorney at Law, George William Connelly, Chamberlain Hrdlicka White Williams & Martin, Henry J. Kaim, Sheinfield Maley & Kay, Houston, TX, for Chamberlain Hrdlicka White Williams & Martin.

Ramona Stephens Notinger, Dept. of Justice, Tax Division, Dallas, TX, for Internal Revenue Service.

Barbara Hodges, Baytown, TX, pro se.

Karen Gregory, Roundrock, TX, pro se.

## *MEMORANDUM OPINION*

WERLEIN, District Judge.

These consolidated cases are before the Court on appeal from the United States Bankruptcy Court for the Southern District of Texas. Civil Action No. H–96–1131 involves a notice of appeal filed by Walter D. Gregory ("Debtor") and his bankruptcy counsel, Chamberlain, Hrdlicka, White, Williams & Martin ("Chamberlain Hrdlicka") from an Order of the Bankruptcy Court entered March 8, 1996. Civil Action No. H–96–2945 is an appeal by Chamberlain Hrdlicka from an Amended Order of the Bankruptcy Court entered August 1, 1996, and Civil Action No. H–96–2079 is Debtor's appeal from the August 1 Amended Order. The appeals were consolidated by Order of this Court entered October 4, 1996. The Court has jurisdiction pursuant to 28 U.S.C. § 158.

The Court has carefully reviewed the extensive briefs filed by Appellants, the briefs filed by the Internal Revenue Service ("IRS") in opposition to Appellants' position, the designated record on appeal, and the applicable case law. Based on this review,

the Court concludes the August 1, 1996 Order [1] must be affirmed.

## STANDARD OF REVIEW

Conclusions of law made by the bankruptcy court are subject to *de novo* review, while factual findings are reviewed under a "clearly erroneous" standard. *In re Webb,* 954 F.2d 1102, 1104 (5th Cir.1992). The bankruptcy court's determinations regarding attorneys' fees are governed by an abuse of discretion standard. *In re Evangeline Refining Co.,* 890 F.2d 1312, 1322 (5th Cir.1989).

## BANKRUPTCY COURT PROCEEDINGS

Debtor and his wife filed a voluntary petition for "debtor-in-possession" relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.,* in July 1992.[2] By Order of the Bankruptcy Court entered in September 1992, Debtor was authorized to retain the Chamberlain Hrdlicka law firm as counsel. Debtor filed his schedules as required by Rule 1007 of the Federal Rules of Bankruptcy Procedure in August 1992, including Schedule C which identified Debtor's residence as homestead exempt property. No timely objections to the designation of the homestead exemption were filed.[3]

The largest creditor of Debtor's bankruptcy estate was the IRS, with pre-petition tax claims for years 1983, 1984, 1990 and 1991 and post-petition claims for tax years 1992–1995. The 1990 tax claim was secured by a tax lien filed April 3, 1992. The other pre-petition tax claims were unsecured priority claims.

In December 1993, Debtor filed a motion to sell his residence and deposit the net proceeds into his debtor-in-possession ("DIP") account. Debtor specifically represented that the net proceeds would not be used for living expenses or other personal

---

1. The August 1, 1996, Amended Order is effectively a replacement order which alters some aspects of the March 8 Order and provides further explanation of other aspects. Most significantly, the August 1 Amended Order deletes the finding of contempt against Debtor and the $100/day provision. As a result, Debtor's arguments regarding the March 8 Order are either moot or apply equally to the August 1 Order.

2. Debtor and his wife have subsequently divorced and Karen Gregory is not an appellant in these consolidated appeals.

3. An objection filed by Family Interventions, Inc. was held by the Bankruptcy Court to be untimely.

items. Following a hearing, the Bankruptcy Court in February 1994 approved the sale and ordered that the net proceeds be deposited into the DIP account "and not disbursed until confirmation of a Plan of Reorganization or further order of this Court." Ex. F. The property was sold and net proceeds of $48,726.09 were deposited into the DIP account.

Debtor subsequently became aware that a confirmable plan of reorganization was not feasible and moved to dismiss with the Bankruptcy Court retaining jurisdiction over, *inter alia,* the proceeds from the sale of Debtor's residence. At a hearing on Debtor's motion, counsel suggested moving the proceeds from the DIP account into a segregated account with counsel as the sole signatory. By Order entered May 24, 1994, the Bankruptcy Court granted the motion to dismiss, specifically retaining jurisdiction over the "disbursement of funds realized from the sale of the Debtors' homestead" and "approval of disbursement of funds from the Attorney–Retainer/Estate Fund," the official designation for the segregated fund discussed at the hearing. No appeal was noticed and the May 24 Order is final and non-appealable.

Debtor's counsel instructed Debtor on numerous occasions to transfer the net proceeds from the DIP account into the segregated account. Debtor consistently responded that transfer was imminent. Instead, however, Debtor used the net proceeds for unauthorized expenses including surgery for a 32–year–old daughter. This unauthorized use of the net proceeds was in violation of both the Bankruptcy Court's February 1994 Order approving the sale of the residence and the Bankruptcy Court's instruction at the May 23, 1994 hearing directing that the funds be segregated into a separate account with counsel as the only signatory.

Debtor's counsel was advised in September 1994 that the funds had been spent and, in October 1994, was made aware of the magnitude of the deficiency when he received a check for only $5,676.84. This represented all that remained of the net proceeds. Counsel failed for well over a year to advise the Bankruptcy Court that the funds were missing. Indeed, the Bankruptcy Court was not advised until December 1995 when Debtor requested a payment plan under which Debtor would repay the missing funds over sixteen months, and counsel for Debtor requested $8,673.80 in additional attorneys' fees.[4]

By Order of the Bankruptcy Court entered January 26, 1996, Debtor was directed to repay the missing funds within ten days. No appeal was noticed and the Order is final and non-appealable. Following a hearing on Debtor's failure to comply with the January 26 order and on Chamberlain Hrdlicka's request for additional attorneys' fees, the Bankruptcy Court issued her decision which was entered on March 8, 1996.

The Bankruptcy Court in the March 8 Order denied the request for a payment plan, held Debtor in contempt for his failure to comply with the January 26 order to repay the funds, imposed a "$100 per day" coercive sanction until Debtor repaid the missing funds, and recommended the Debtor to the United States Attorney for potential criminal prosecution. The Bankruptcy Court also denied Chamberlain Hrdlicka's request for additional attorneys' fees, ordered prior fees disgorged, and referred Debtor's attorney to the Texas State Bar disciplinary committee for an investigation.

Debtor sought reconsideration of the March 8 Order. On August 1, 1996, an "Amended Order" of the Bankruptcy Court was entered effectively replacing the March 8 order. In the August 1 Order, the finding of contempt and the $100/day provision were deleted. The other substantive provisions of the March 8 Order remained unchanged, although the Bankruptcy Court expanded the discussion of the rationale for her rulings.

Debtor and Chamberlain Hrdlicka filed timely notices of appeal from both the March 8 and the August 1 Orders. Because the August 1 Order supplants the March 8 Order and deletes the finding of contempt, this

---

**4.** By Order of the Bankruptcy Court entered August 29, 1994, interim attorneys' fees and expenses totalling $36,370.12 were allowed on Chamberlain Hrdlicka's First Application for Allowance of Compensation.

Court's review will be based primarily on the issues remaining after entry of the August 1 Order.

## BANKRUPTCY COURT'S JURISDICTION

Both Debtor and Chamberlain Hrdlicka challenge on appeal the Bankruptcy Court's exercise of jurisdiction over the homestead and the proceeds from the sale of the homestead.[5] It is undisputed that the bankruptcy court has jurisdiction over the debtor and the bankruptcy estate. It is also undisputed that the bankruptcy estate is created upon the commencement of the bankruptcy case and consists of all debtor's interests in property, wherever located, tangible or intangible. 11 U.S.C. § 541(a).

■ Section 522(b) of the Bankruptcy Code permits a debtor to exempt property covered by state law exemptions. Debtor and Chamberlain Hrdlicka argue that the residence qualified as a homestead exemption under Texas state law and, therefore, was properly exempted under § 522. This Bankruptcy Code exemption is a qualified one, however, and does not "preserve or effectuate the state law exemption laws with all of their built in characteristics. . . ." *In re Davis*, 105 F.3d 1017, 1022 (5th Cir.1997). To the extent the state homestead exemption is inconsistent with the federal bankruptcy exemption, the Bankruptcy Code preempts and controls. *Id.*

Section 522(c)(1) of the Bankruptcy Code provides that exempt property can be used to pay certain pre-petition debts such as those for taxes under § 523(a)(1) and for alimony and child support under § 523(a)(5). These debts are neither dischargeable nor exemptible. *Walters v. United States National Bank of Johnstown*, 879 F.2d 95, 97 (3d Cir.1989). *See also Davis*, 105 F.3d at 1020. Because these provisions of the Bankruptcy Code preempt state homestead exemption law, "the state homestead exemption law is inoperative" against claims pursuant to § 523(a)(1) and § 523(a)(5) and creditors with claims under these provisions are "entitled under the Bankruptcy Code to proceed against the debtor's otherwise exempted property." *Davis*, 105 F.3d at 1023.

The residence as to which Debtor claimed a homestead exemption remained available as part of the bankruptcy estate to pay any pre-petition tax claims. *Id.* The net proceeds from the sale of the homestead also remained part of the bankruptcy estate for payment of pre-petition tax claims not satisfied at the time the residence was sold.

■ Section 349(b) of the Bankruptcy Code provides that dismissal of a case in bankruptcy revests the property of the bankruptcy estate as it was immediately prior to the commencement of the bankruptcy proceeding "unless the court, for cause, orders otherwise." It is undisputed that the February 1995 Order of the Bankruptcy Court granting Debtor's motion to dismiss specifically retained jurisdiction over the net proceeds from the sale of the homestead. As a result, the Bankruptcy Court continued to have jurisdiction over the net proceeds after the homestead was sold and after the case was dismissed.

## DEBTOR'S OTHER ISSUES ON APPEAL

Debtor argues there is no valid court order requiring him to reimburse the missing funds because the Bankruptcy Court did not have jurisdiction over the homestead and because the January 26, 1996 Order was unclear. Debtor also argues the Bankruptcy Court made erroneous factual findings. Debtor also appeals from the Bankruptcy Court's referral of the matter to the United States Attorney for investigation and potential criminal prosecution.

As discussed above, the Bankruptcy Court had jurisdiction. The Court also concludes the January 1996 Order is sufficiently clear

---

5. Appellee IRS correctly notes that neither Debtor nor Chamberlain Hrdlicka questioned the Bankruptcy Court's jurisdiction during the underlying proceedings. Indeed, Debtor consistently took the position that jurisdiction was proper, requesting in his motion for approval of the sale of his homestead that the Bankruptcy Court "retain jurisdiction" over the proceeds after the sale of the residence. Jurisdiction cannot, however, be conferred upon the Bankruptcy Court by consent. *In re Paso Del Norte Oil Co.*, 755 F.2d 421, 425 (5th Cir.1985).

to permit compliance. To the extent there was any uncertainty on the part of Debtor, he could have sought clarification from the Bankruptcy Court. Although such clarification was not requested by Debtor, the March 8 and August 1 Orders of the Bankruptcy Court make it abundantly clear that Debtor is required to restore $43,049.25 to the segregated account, whether entitled the Attorney Retainer/Estate Account or the segregated DIP account. No appeal was noticed from the January 26 Order, which is now final and non-appealable.

■ Debtor also argues that the Bankruptcy Court's findings that his living expenses are "of an affluent nature" and that the payment plan he proposed was an "easy pay" plan are incorrect. As noted above, these factual findings are reviewed under a "clearly erroneous" standard. The Court has reviewed the record and concludes the challenged findings are not clearly erroneous.

Debtor's own evidence indicates his monthly expenses include $850.00 for automobile loans, $422.00 for life insurance, $350.00–$500.00 for credit card payments, $1,500.00 for food, and $200.00 for clothing. These monthly expenses are significantly above those incurred by the average unmarried taxpayer and are evidence which supports the Bankruptcy Court's finding.

The repayment plan proposed by Debtor involved payments over sixteen months. The misappropriated funds were apparently spent over a period of approximately four months. Debtor's argument that he could not repay the missing funds more quickly was based in large part on his argument that his monthly living expenses left only a small amount to be used for repayment. As noted above, the Bankruptcy Court's determination that the monthly living expenses were excessive was not clearly erroneous. As a result, the Bankruptcy Court's characterization of Debtor's proposal for reimbursement as an "easy pay" plan is also not clearly erroneous.

■ The Bankruptcy Court's decision to refer this matter to the United States Attorney for possible criminal charges against Debtor is within the authority of the Bankruptcy Court both as a judicial officer and as a citizen. The United States Attorney's office will make its own determination regarding whether there is probable cause to believe a criminal violation has occurred and, if referred, a federal grand jury will make its own determination regarding whether an indictment should be returned against Debtor. The Bankruptcy Court's decision in this respect is not an appropriate subject for appellate review.

### CHAMBERLAIN HRDLICKA'S APPEAL OF DENIAL OF FEE REQUEST

■ The Bankruptcy Court's findings of fact regarding an attorney's conduct is subject to review under the "clearly erroneous" standard, while the ultimate decision regarding compensation is governed by an "abuse of discretion" standard. *In re Evangeline,* 890 F.2d at 1322. The August 29, 1994 Order allowing interim fees was not a final decision on the issue and was subject to reexamination and adjustment by the Bankruptcy Court during the course of the proceedings. *Id.* at 1321.

■ The Bankruptcy Court, after consideration of the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), denied in its entirety Chamberlain Hrdlicka's request for attorneys' fees and ordered prior fees disgorged. The Bankruptcy Court's decision was based primarily on its determination that counsel's representation did not result in a benefit to the estate. The Bankruptcy Court found that approximately $43,000 in estate funds were lost because of Debtor's failure to comply with properly issued orders and counsel's lack of diligence and conflict of interest. Chamberlain Hrdlicka argues that counsel's failure to advise the Bankruptcy Court that Debtor had spent the vast majority of the net proceeds is an inadequate basis for denying attorneys' fees.

■ Section 1107(a) of the Bankruptcy Code provides that the debtor-in-possession occupies basically the same position as a bankruptcy trustee and, as a result, assumes certain fiduciary duties to the estate and the creditors. The attorney for the debtor-in-possession also has a duty as the fiduciary of

the estate and cannot close his eyes when the debtor is behaving in a manner contrary to the best interests of the estate and is disregarding orders of the bankruptcy court. *In re Whitney Place Partners,* 147 B.R. 619, 621 (Bankr.N.D.Ga.1992). A request for attorneys' fees is properly denied where counsel kept the bankruptcy court "in the dark" and breached his duties as fiduciary and officer of the court. *In re Evangeline,* 890 F.2d at 1324, *citing In re Futuronics,* 655 F.2d 463, 468 (2d Cir.1981), *cert. denied* 455 U.S. 941, 102 S.Ct. 1435, 71 L.Ed.2d 653 (1982). *See also In re Devers,* 33 B.R. 793, 799 (D.D.C. 1983), *appeal dismissed* 729 F.2d 863 (D.C.Cir.1984)(breach of duty to disclose warrants denial of all compensation even where no actual harm resulted).

The Bankruptcy Court found that counsel had failed to disclose Debtor's defalcation and failed to act in the best interest of the bankruptcy estate. The Bankruptcy Court also found that these failures on the part of counsel resulted in the loss of significant estate funds. These factual findings are not clearly erroneous. The Bankruptcy Court's decision, based on these factual findings, to deny all requested fees is not an abuse of discretion.

## REFERRAL TO STATE BAR FOR INVESTIGATION

█ Chamberlain Hrdlicka also appeals from the Bankruptcy Court's decision to refer attorney Connelly to the State Bar of Texas for investigation under Title 2, Subt. G, App. A–1, section 2.11. As noted above with reference to the referral of Debtor to the United States Attorney, the Bankruptcy Judge was acting within her discretion as a judicial officer and as a citizen. Indeed, referring a matter to the appropriate disciplinary body is the correct procedure. Canon 3B(3) of the Code of Judicial Conduct for United States Judges provides that a federal judge "should ... initiate appropriate disciplinary measures against a ... lawyer for unprofessional conduct of which the judge may become aware." *See also United States v. Vague,* 697 F.2d 805, 807 (7th Cir.1983).

## CONCLUSION

This Court concludes that the Bankruptcy Court had jurisdiction over the homestead and the proceeds from its sale, the findings of fact made by the Bankruptcy Court in the August 1, 1996 Order are not clearly erroneous, the Bankruptcy Court's decision and reasoning regarding Chamberlain Hrdlicka's requests for attorneys' fees was not an abuse of discretion, and the referral of Debtor to the United States Attorney and of Connelly to the State Bar were not judicial acts that are subject to review on appeal in this Court; indeed, the Bankruptcy Judge's decision whether to make such referrals need not have been included in the Amended Order. Accordingly, the August 1, 1996 Amended Order, treated as a replacement for the March 8 Order, is affirmed for the reasons set forth herein and in that Amended Order. An appropriate final order consistent with this Memorandum Opinion shall be issued this day.